UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSLOW STRONG,<br><br>    Petitioner,<br><br>v.<br><br>CASHBET ALDERNEY LIMITED, et al.,<br><br>    Respondents. | Case No. 23-cv-02081-JSC<br><br>**ORDER RE: MOTION TO DISMISS AND ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 26, 33 |

Petitioner Winslow Strong seeks an order under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, confirming a December 22, 2021 foreign Arbitration Award of the International Centre for Dispute Resolution International Arbitration Tribunal ("ICDR Tribunal"). Respondents move to dismiss the petition for lack of lack of subject matter jurisdiction. (Dkt. No. 33.[1]) Respondents also seek to seal the underlying Arbitration Award contending it was filed here for an improper purpose in violation of the ICDR Tribunal's confidentiality order. (Dkt. No. 26.) Having considered the parties' briefs and having had the benefit of oral argument on October 5, 2023, the Court GRANTS the motion to dismiss and GRANTS the motion to seal. Plaintiff has not satisfied the injury-in-fact requirement for Article III standing given it is undisputed the Arbitration Award was fully satisfied long before he filed the Petition.

**BACKGROUND**

This action arises out of a cryptocurrency investment opportunity. In 2018, investors such as Mr. Strong, invested in Cashbet Coins, a cryptocurrency marketed by Mobile Gaming Technologies, Inc., through an initial coin offering. When the price of the Cashbet Coins

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1    plummeted later that year, Mr. Strong and Nirvana Capital Limited, another investor, filed

2    securities fraud claims against Mobile Gaming, Fred Hsu as the Director of Mobile Gaming, and

3    two other Mobile Gaming executives.  *See Nirvana Capital Limited et al v. Mobile Gaming*

4    *Technologies, Inc. et al*, No. 18-7483-PJH.   After defendants moved to compel arbitration, the

5    parties stipulated to arbitration and to stay the matter pending arbitration.  (No. 18-7483, Dkt. No.

6    27.)  The court granted the parties' stipulation.  (*Id*. at Dkt. No. 28.)

7           On April 17, 2020, Mr. Strong, among others, filed a Notice of Arbitration pursuant to the

8    Token Purchase Agreement between CashBet and Nirvana.  (Dkt. No. 1 at ¶¶ 11-12.)  The parties

9    agreed the foreign arbitration would be conducted by the ICDR in San Francisco.  (*Id*. at ¶¶ 24-

10   25.)  A seven-day evidentiary hearing took place October 12-20, 2021 and the final award was

11   issued on December 22, 2021.  (*Id*. at ¶¶ 27-28.)  Respondents did not move to vacate the award

12   and the time period to do so under 9 U.S.C. §§ 12, 208, has run.  (*Id*. at ¶ 32.)

13          More than 16 months after issuance of the Arbitration Award, Petitioner filed the

14   underlying Petition to confirm the Arbitration Award.  The Petition was accompanied by an

15   administrative motion to seal seeking to file a partially redacted version of the Arbitration Award

16   because Respondents had previously claimed it was subject to the stipulated confidentiality order

17   entered by the ICDR Tribunal.  (Dkt. No. 3.)  Respondents subsequently moved to seal the

18   Arbitration Award in its entirety.  (Dkt. No. 26.)  The Court locked the Petition from public access

19   until these sealing issues could be addressed.

20          Respondents also moved to dismiss the Petition for lack of subject matter jurisdiction

21   based on lack of Article III standing.  (Dkt. No. 33.)  Around the same time, Respondent Hsu filed

22   a separate action in this Court contending Mr. Strong and his counsel violated the ICDR

23   Tribunal's confidentiality order through, among other things, their filings related to this Petition.

24   *See Hsu v. Zeisler et al*, No. 23-2866 JSC.  The Court granted the parties' stipulation to relate the

25   actions.  (Dkt. No. 42.)  Defendants in the related case brought a motion to strike the complaint

26   under California's anti-SLAPP statute and a motion to dismiss under Rule 12(b)(6).  The Court

27   heard argument regarding all these motions on October 5, 2023.  The motion  in the *Hsu v. Zeisler*

28   *et al* action is disposed of by separate order.

**LEGAL FRAMEWORK**

The FAA, 9 U.S.C. § 1 et seq., authorizes a party to an arbitration agreement to seek several kinds of relief from a federal court. Under Section 4, a party may ask the court to compel an arbitration proceeding, and under Sections 9 and 10, a party may apply to the court to confirm, or alternatively to vacate, an arbitral award. This action arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *See* 9 U.S.C. §§ 202, 203. Under the statute

> within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

Confirmation is a "mechanism[ ] for enforcing arbitration awards." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "A party, successful in arbitration, seeks confirmation by a court generally because he fears the losing party will not abide by the award." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). "Confirmation gives the winning party ... a variety of remedies for enforcement." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 68 (2d Cir. 2023) (cleaned up). This includes "plac[ing] the weight of a court's contempt power behind the award, giving the prevailing party a means of enforcement that an arbitrator would typically lack." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 596 (7th Cir. 2017) (cleaned up).

**DISCUSSION**

Respondents insist Petitioner lacks standing to seek confirmation of the Arbitration Award because Respondents fully paid the Arbitration Award a month after it was issued—nearly 16 months before this action was filed. Petitioner does not dispute the award is fully satisfied, but instead maintains he has a "statutory right under the FAA to confirm the Award." (Dkt. No. 40 at 12.) Not so. Further, compelling reasons warrant sealing the Award attached to the Petition.

//

//

3

### A. Article III Standing

Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id.* (citations omitted). "Article III's case-or-controversy requirement applies to actions governed by the FAA." *Stafford*, 78 F.4th at 68; *see also Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 250 (3d Cir. 2020) (analyzing "whether there was a sufficient "case or controversy" under Article III so as to confer jurisdiction on the District Court"); *Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022) (holding a federal court may entertain an action brought under the FAA only if there is an independent jurisdictional basis).

Petitioner bears the burden of establishing federal subject matter jurisdiction over this Petition, which includes establishing Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("A party invoking federal jurisdiction has the burden of establishing that it has satisfied the 'case-or-controversy' requirement of Article III of the Constitution [and] standing is a 'core component' of that requirement"). The standing analysis considers whether the petitioner has demonstrated "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203.

Injury in fact is "an invasion of a legally protected interest" that is (1) "concrete," (2) "particularized," and (3) "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citation omitted). A concrete injury may be financial or non-financial, tangible or intangible, but it must be "real, and not abstract"; "it must actually exist." *TransUnion*, 141 S. Ct. at 2204; *Spokeo*, 578 U.S. at 340, 352. Respondents insist Petitioner cannot demonstrate an injury-in-fact because the Arbitration Award has been fully satisfied. The Court agrees.

Petitioner has not met his burden of identifying any injury he will suffer if the Arbitration Award is not confirmed by a court. He does not dispute the Arbitration Award has been fully

satisfied. So, regardless of whether the Award is confirmed, he will be in the same position: paid in full pursuant to the Arbitration Award. Nor does he contend there is any additional relief the Court could provide him on his claims in arbitration; so, if the award is not judicially confirmed he will not suffer a concrete injury that confirmation of the Arbitration Award will address. So, no concrete injury, no injury-in-fact, no Article III standing. *See Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 251 (3d Cir. 2020) ("a plaintiff whose injuries have been fully remedied before seeking judicial relief cannot show a sufficient risk of imminent injury, and thus lacks standing.").

The Second Circuit's recent decision in *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62 (2d Cir. 2023), is instructive. There, as here, the arbitration award ordered monetary damages and did not include any equitable relief. *Id.* There, as here, the respondent paid the arbitration award in full. *Id.* at 65. The *Stafford* court held the petitioner did not have Article III standing because she lacked a "concrete" interest in the outcome of the petition confirmation proceeding. She had already "obtained all the relief she could receive on [her] claim, and no longer has any concrete interest in enforcement." *Id.* at 68 (cleaned up). The same is true here. Petitioner has received all the relief he can on his claim in arbitration; confirming the Arbitration Award will provide him no additional relief.

Petitioner's insistence he has standing because the FAA gives him the right to confirm the award in federal court ignores recent Supreme Court precedent. *See TransUnion*, 141 S. Ct. at 2205 ("this Court has rejected the proposition 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'") (quoting *Spokeo*, 578 U. S. at 341("Article III standing requires a concrete injury even in the context of a statutory violation")); *Stafford*, (holding the statutory right to seek confirmation under the FAA does not itself create a 'live' controversy" because "Article III standing requires a concrete injury even in the context of a statutory violation."); *see also TransUnion*, 141 S. Ct. at 2205 ("[U]nder Article III, an injury in law is not an injury in fact."); *cf.*, *Badgerow v. Walters*, 142 S. Ct. at 1316 (holding a federal court may entertain an action brought under the FAA only if there is an independent jurisdictional basis).

Petitioner's suggestion he faces a "risk of future harm" because Respondent threatened (and indeed did) bring suit to enjoin Petitioner from disclosing the Arbitration Award to non-parties is insufficient to satisfy his concrete injury burden. Petitioner argues his "petition effectively seeks forward-looking, equitable relief from Hsu's meritless attempt to prevent the Award from being disclosed." (Dkt. No. 40 at 10.) But the Petition does not request equitable relief, let alone equitable relief connected to judicial confirmation of the award. (Dkt. No. 1 at 6.) And Petitioner's plea that the related case alleging breach of the confidentiality order is a "collateral attack on the Award" (Dkt. No. 40 at 11) is wrong factually and legally. It is wrong factually because Hsu's lawsuit complaining Petitioner and his counsel breached the arbitration Stipulated Confidentiality Order has nothing to do with the validity or enforceability of the Arbitration Award. Confirming the Award would not provide Petitioner with any legal remedy or defense to the related lawsuit. The two lawsuits are related only insofar as Petitioner and his counsel are attempting to use this Petition as a vehicle to publicly disclose the Arbitration Award. And, the argument is wrong legally as a plaintiff must have standing at the time his lawsuit is filed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992). At the time Petitioner filed this action, Respondent had not sued for breach of the Stipulated Confidentiality Order. So Petitioner cannot use that lawsuit to create standing for this Petition.[2]

Finally, Petitioner's reliance on *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 253 (3d Cir. 2020), is misplaced. In *Teamsters*, unlike here, the arbitration award included injunctive relief which the respondent had violated; confirmation of the award was required to redress the petitioner's concrete injury from the respondent's failure to comply with the award. *Id.* at 253. Indeed, the court explicitly stated it was "*limit[ing] our holding to an award for equitable relief and express no opinion as to whether a party that receives an arbitration award for money damages has standing to confirm the award in federal court after those damages are paid in full.*" *Id.* at 253 n.3 (emphasis added).

---

[2] At oral argument Petitioner mused about needing the award confirmed to defend certain damages allegations in the related case. No such facts are alleged in the Petition and this theory was not raised in Petitioner's opposition. In any event, as discussed in the text, Hsu's lawsuit was filed after the petition and thus cannot support standing.

In sum, Petitioner has not met his burden of showing Article III standing to bring a petition to confirm the fully-satisfied monetary Arbitration Award. The Petition must be dismissed for lack of standing.

### B. Motions to Seal

Petitioner attached a partially redacted version of the Arbitration Award to the Petition in light of the ICDR Tribunal's confidentiality order. (Dkt. No. 3 at 2.) Respondents then moved to seal the award in its entirety. (Dkt. No. 26.) Petitioner opposes the sealing request on the grounds the confidentiality order does not apply to the award. (Dkt. No. 29.)

There is a presumption of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). Parties seeking to seal judicial records relating to motions "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up). By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Id*. at 1180. Civil Local Rule 79-5 supplements these standards. *Exeltis USA Inc. v. First Databank, Inc*., No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020).

The Court finds the compelling reasons standard applies here given the dispositive nature of the Petition. *See Bloom Energy Corp. v. Badger*, No. 21-CV-02154-PJH, 2021 WL 4079208, at *12 (N.D. Cal. Sept. 8, 2021), *appeal dismissed*, No. 21-16619, 2022 WL 4598082 (9th Cir. July 29, 2022) ("The obvious point of the petition is to confirm the Final Award. That award disposes of respondents' claims. Petitioner cannot reasonably argue that a pleading requesting the court's imprimatur of such disposition is less than tangentially related to the merits of the action."). Compelling reasons warrant sealing on this record.

1  Sealing of court records is warranted "when such 'court files might ... become a vehicle for
2  improper purposes.'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  Here, it is
3  apparent the Petition was filed merely as a vehicle for Petitioner to attempt to make the Arbitration
4  Award public.  Further, the Award was ultimately irrelevant to the Court's resolution of the
5  Petition given Petitioner failed to establish any standing to bring it.  In *Stafford*, for example, the
6  court concluded "the presumption of access to judicial documents . . . is weaker here because the
7  petition to confirm the award was moot." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 70
8  (2d Cir. 2023).  Because the petition was moot, "[t]he confidential award played no 'role in the
9  exercise of Article III judicial power.'" *Id*. (quoting *In re IBM Arb. Agreement Litig*., 76 F.4th 74,
10 85 (2d Cir. 2023) (cleaned up).  The court also noted "[c]onfidentiality is 'a paradigmatic aspect of
11 arbitration.'" *Stafford*, 78 F.4th at 71 (quoting  *Guyden v. Aetna, Inc*., 544 F.3d 376, 385 (2d Cir.
12 2008); *Am. Express Co. v. Italian Colors Rest*., 570 U.S. 228, 233 (2013) ("[C]ourts must
13 rigorously enforce arbitration agreements according to their terms.") (internal quotation marks
14 omitted).).  Ultimately, the court reversed the district court for unsealing the arbitration award
15 because "the presumption of access to judicial documents is outweighed here by the interest in
16 confidentiality and because Stafford's apparent purpose in filing the materials publicly is to
17 launder their confidentiality through litigation." *Stafford*, 78 F.4th at 71.
18  The same result is warranted here.  The Petition here was moot before it was even filed and
19 so played "no role in the exercise of Article III judicial power."  Further, for the reasons explained
20 at oral argument on October 5, 2023, and in the Court's order denying the anti-SLAPP motion in
21 the related case, there is a plausible argument the Stipulated Confidentiality Order covers the
22 entire Arbitration Award; that is, the parties contracted to maintain the confidentiality of the entire
23 arbitration, including the Arbitration Award.  Finally, the Court finds Petitioner and his counsel
24 filed the Petition as a vehicle to unilaterally make the Arbitration Award public. Even though he
25 knew—indeed pled—that Respondents contended the entire Arbitration Award was confidential
26 (Dkt. No. 3 at 2; Dkt. No. 3-1, Burns Decl. at ¶¶ 6-8), Petitioner publicly filed much of the
27 Arbitration Award.  As the Court explained at oral argument, knowing that Respondents asserted
28 the Stipulated Confidentiality Order covers the Arbitration Award, Petitioner and his counsel

should have filed it entirely under seal and then litigated the confidentiality of the Award before the Court. Instead, they unilaterally decided the issue for themselves, further revealing their intent in initiating this action. The Court will not reward this conduct by unsealing the Arbitration Award in an action in which the Petitioner lacks Article III standing.

## CONCLUSION

For the reasons stated above, Respondents' motion to dismiss is GRANTED for lack of Article III standing.

The administrative motion to seals at Docket Nos. 26 and 31 are GRANTED. Petitioners' administrative motion to seal at Docket No. 3 is DENIED AS MOOT.

The Court will enter judgment by separate order.

This Order disposes of Docket Nos. 3, 26, 31, 33.

**IT IS SO ORDERED.**

Dated: October 11, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge